UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )</br>)</br>v.    )</br>)</br>KENNY ROMERO, a/k/a "KG," et al.,   )</br>    Defendants   ) | Cr. No. 21-10354-WGY |

MOTION FOR A PROTECTIVE ORDER

Now comes the United States, through counsel, and hereby requests that the Court enter a protective order restricting the use and dissemination of information in this case, as set forth below.

1. Defendants are charged with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d); dealing in firearms without a license, being felons in possession of firearms and / or ammunition, possession of a firearm with an obliterated serial number, and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 921(a)(1)(A), 922(g)(1) & (k), and 924(c)(1)(A); and conspiracy to distribute, possession with intent to distribute, and distribution of controlled substances, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

2. The government intends to produce to the "defense team" (defined below) certain discovery in this case (referred to as the "Protected Information"). At present, the Protected Information includes (a) consensually recorded meetings between the defendants and cooperating witnesses; (b) law enforcement reports concerning those consensually recorded meetings and follow-up reports concerning evidence obtained during those recordings, including, for instance, ballistics reports, gun tracing reports, and interstate nexus reports; (c) affidavits and orders for Title III-related documents and various forms of search warrants, all of which include information

obtained from or through cooperating witnesses; (d) recordings made by stationary pole cameras, and (e) investigative reports, grand jury minutes, and other documentary and recorded evidence gathered by state law enforcement officers and prosecutors concerning violent crimes (including attempted murders, home invasions, robberies, and assaults with deadly weapons) committed by certain defendants referenced in Count Two of the superseding indictment, charging conspiracy to participate in a racketeering enterprise.

3. The purpose of this proposed protective order is to prevent the unauthorized dissemination or distribution of this Protected Information which the government believes will expose the victims and cooperating witnesses to significant safety and privacy risks. Since the defendants were arrested on April 15, 2022, agents have been made aware of numerous threats to the cooperating witnesses and their families.

4. The Protected Information that the government produces to the defense pursuant to the proposed protective order is solely for the use of the defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case.

5. Accordingly, the government requests a protective order that will permit the government to produce discovery related to the victims and cooperating witnesses, but preserves the privacy and security of the victims and cooperating witnesses by placing limitations on the use of discovery and on defendants' access to the discovery without defense counsel present.

6. The government represents that the following conditions, if endorsed by the Court, will serve the government's interest in preserving the privacy and safety of the victims and cooperating witnesses, while permitting the defense to view the government's evidence against the defendants:

a.  In this case, the term "Protected Information" refers to any document or information marked as such and produced to the defense team pursuant to the Protective Order.

b.  For purposes of the Protective Order, the term "defense team" refers to (1) defendants' counsel of record, (2) other attorneys at defense counsels' law firms or offices who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendants' counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendants, the defendants' family members, or any other associates of the defendants.

c.  Defendant's counsel of record shall agree to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

d.  The government is authorized to provide defendants' counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If defendants object to any such designation, they may do so by application to the Court upon duly noticed motion, after first attempting in good faith to resolve their objection(s) with the government.

e.  The defendants may review Protected Information in this case only in the presence of their counsel of record. Counsel of record shall ensure that defendants are never left

alone with any discovery subject to the Protective Order. Defendants may see and review Protected Information in the presence of their counsel of record or their designees as authorized under the protective order, but the defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information, or any portion thereof, at any time. Defendants must return any Protected Information to their counsel of record at the conclusion of any meeting at which the defendants viewed the Protected Information. Defendants may not take any Protected Information out of the room in which they meet with their counsel of record. Defendants may not write down or memorialize any materials contained in the Protected Information. At the conclusion of any meeting with the defendants, defendants' counsel of record shall take with them all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of any defendant, whether he/she is incarcerated or not.

f. The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including the defendants.

g. With respect to those defendants detained pending trial, pursuant to Local Rules 116.1(C)(1)(D) and 116.4, the government agrees to provide access to oral, wire, or electronic communications as defined by 18 U.S.C. § 2510 and redacted versions of consensual recordings to the institutions where those defendants are held. Consistent with the applicable rules at these institutions, in-custody defendants will be allowed to review these recordings outside the presence of defense counsel, though the recordings are Protected Information and remain at all times subject to the Protective Order.

h. The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review

Protected Information with witnesses or potential witnesses in this case, including the defendants, subject to the requirement above that defense counsel must be present if Protected Information is being shown to defendants. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

i. The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendants as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

j. To the extent that notes are made that memorialize, in whole or in part, the Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k. The defense team shall use Protected Information and materials only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeals filed by any defendant and any motions filed by any defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information with the Court or divulge the contents of such materials in court filings, the filing should be made under

seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention. If the other parties do not object to the proposed filing, the party seeking to file such information shall make all reasonable attempts to limit the disclosure of Protected Information materials.

l.      Upon the final disposition of this case, any Protected Information materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of all appellate and post-conviction proceedings, the defense team shall return Protected Information to the government, certify that all such material has been destroyed, or certify that the materials will be securely preserved in such a way as to ensure the confidentiality of those materials until they may be destroyed.

m.     In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information materials upon the conclusion of appellate and post-conviction proceedings.

      n.      Documents produced by the government in discovery will not be subject to this Protective Order unless they are marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

      7.      Several defense counsel have indicated that they assent to the government's proposed order in its entirety. Others have raised objections to the scope of the proposed order. However, all counsel have advised that they agree to the portion of the proposed order concerning the production of consensual recordings and reports describing those recordings. Given that, the government will produce the consensual recordings and related reports on May 26, 2022 in advance of the Court's pre-trial conference on June 2, 2022.

Accordingly, the government requests that this motion be granted and that the Court enter a protective order in the form submitted herewith.

      Respectfully submitted,

      RACHAEL S. ROLLINS
      United States Attorney

By:    /s/ Christopher Pohl
        Christopher Pohl
        Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 25, 2022.

/s/ Christopher Pohl
Christopher Pohl
Assistant U.S. Attorney